**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHN HENRY CONE-WADE, SR.,

Defendant.

Criminal No. 23-CR-338(2) (JRT/JFD)

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 316 North Robert Street, Suite 404, St. Paul, MN 55101, for Plaintiff.

John Henry Cone-Wade, Sr., Reg. No. 88740-510, FCI Leavenworth, Post Office Box 1000, Leavenworth, KS 66048, *pro se* Defendant.

On May 6, 2025, Defendant John Henry Cone-Wade, Sr., pled guilty to possession with the intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C §§ 841(a)(1) and 841(b)(1)(A). (Plea Agreement, Docket No. 190.) Cone-Wade is serving a sentence of 168 months in prison followed by a five-year supervised release term. (Sentencing J. at 2–3, October 29, 2025, Docket No. 230.)

Defendant Cone-Wade now seeks relief under 28 U.S.C. § 2255. (Pro Se Mot. Vacate Sentence ("Mot.") at 63, December 16, 2025, Docket No. 244.) He asks the Court for an evidentiary hearing on his ineffective assistance claim, and requests that the Court

vacate his sentence. (*Id.*) After careful review of Cone-Wade's filings, the Court concludes no relief is warranted at this time and will deny the motion.

**BACKGROUND**

A grand jury indicted Cone-Wade on one count of conspiracy to distribute methamphetamine and two counts of possession with intent to distribute methamphetamine. (Superseding Indictment, Nov. 21, 2023, Docket No. 16.) On December 4, 2023, an arraignment hearing was held before Magistrate Judge John F. Docherty, and Cone-Wade entered a plea of not guilty. (*See* Docket No. 28.)

Assistant Federal Defender Lisa Lopez was initially appointed counsel. (*See* Docket No. 26.) Lopez filed a Notice of Withdrawal and Substitution of Counsel on February 13, 2024, and Assistant Federal Defender James Becker was appointed counsel. (Docket. No. 62.) On March 21, 2024, Becker moved to withdraw as counsel (Docket No. 80); that same day, the Magistrate Judge granted the motion and appointed John Fossum as new counsel (Docket No. 81). On August 27, 2024, Fossum moved to withdraw as counsel, noting that Cone-Wade did not "have confidence in [his] representation . . . ." (Docket No. 134.) The Court granted the motion from the bench on September 18, 2024. (*See* Docket No. 146.) After the Court conferred with the Federal Defender about the appointment of substitute counsel (*see* Order at 5, Sept. 23, 2026, Docket No. 150), Daniel L. Gerdts was appointed as Cone-Wade's counsel (Order Appointing Attorney, Oct. 3, 2024, Docket No. 155).

On August 29, 2024, Magistrate Judge John F. Docherty issued a Report and Recommendation (R&R) recommending that the Court deny three motions to suppress evidence brought by Cone-Wade. (R&R at 45, Docket No. 135.) The Magistrate Judge also denied Cone-Wade's motions for a *Daubert* hearing and a *Franks* hearing. (R&R at 45–46.) On September 11, 2024, Fossum filed Objections to the R&R on Cone-Wade's behalf. (Docket No. 135.) On January 16, 2025, the Court issued an Order adopting the R&R and overruling Cone-Wade's objections as to the denial of his motions to suppress. (Mem. Op. and Order, Docket No. 170.)

On May 6, 2025, the Court held a change of plea hearing, and Cone-Wade entered a guilty plea as to Count 3 of the Superseding Indictment, possession with intent to distribute methamphetamine. (*See generally* Plea Agreement.) The Court sentenced Cone-Wade to 168 months in prison followed by five years of supervised release. (*See generally* Sentencing J.)

On December 16, 2025, Cone-Wade filed a motion to vacate his sentence under 28 U.S.C. § 2255. (*See* Mot.)[1] He argues that his pretrial counsel, John Fossum, and his subsequent attorney, Daniel Gerdts, both provided ineffective assistance and deprived him of his right to counsel under the Sixth Amendment.

[1] Cone-Wade also requested permission for his motion to be longer than the length the Court ordinarily permits. (Pro Se Mot. for Leave to File Document Over Length, Dec. 16, 2025, Docket No. 243.) The Court will grant the motion.

## DISCUSSION

### I. PLEA AGREEMENT WAIVER

Section 2255 permits an individual serving a criminal sentence to ask the court that sentenced them to "vacate, set aside or correct" a defendant's sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Cone-Wade waived his right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 in his plea agreement, except on grounds of ineffective assistance of counsel, or based on new legal principles enunciated in Supreme Court opinions issued after the date of the plea agreement. (Plea Agreement at 7–8). At his plea hearing, Cone-Wade confirmed that he had sufficient time to confer with counsel and that he received no threats or promises in return for his guilty plea. Accordingly, Cone-Wade's "post-plea claims that he was . . . unable to voluntarily choose to plead guilty fly directly in the face of his own plea hearing testimony . . . ." *United States v. Green,* 521 F.3d 929, 932 (8th Cir. 2008) (citation omitted).

The Court finds that the Cone-Wade knowingly and willingly entered into the May 6 plea agreement and waived his right to attack his conviction under § 2255 on any grounds aside from ineffective assistance of counsel. The Court will therefore deny Cone-Wade's § 2255 motion to the extent it relies on any argument for relief aside from ineffective assistance of counsel.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To support a claim of ineffective assistance of counsel, a defendant must demonstrate first, that his counsel's performance was deficient and second, that he was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong of *Strickland*, a defendant must show that counsel's performance "fell below an objective standard of reasonableness in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would use under like circumstances." *United States v. Acty*, 77 F.3d 1054, 1059 (8th Cir. 1996) (citation omitted). The "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To satisfy the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

An attorney has a duty to consult with the client regarding "important decisions." *Id.* at 688. That obligation, however, does not require counsel to obtain the defendant's

consent to "every tactical decision." *Taylor v. Illinois,* 484 U.S. 400, 417–418 (1988) (an attorney has authority to manage most aspects of the defense without obtaining his client's approval). In fact, counsel's decision to abide by the wishes of his client instead of their own professional judgment may be a basis for incompetence. *See e.g., Thomas v. Wyrick,* 535 F.2d 407, 413 (8th Cir. 1976) ("The failure of an attorney to exercise his professional judgment on behalf of his client is itself a serious breach of the lawyer's duty").

In sum, to establish ineffective assistance of counsel, Cone-Wade must first show that his counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Cone-Wade then must show but for his counsel's performance, the result of his proceeding would have been different.

### A. John Fossum

Cone-Wade alleges John Fossum, his pretrial attorney, provided ineffective assistance of counsel. (Mot. at 6). Cone-Wade identifies Fossum's decision to pursue arguments that Cone-Wade characterizes as "non-dispositive" (*id.* at 6–8); that Fossum failed to pursue additional "constitutional arguments for suppression" (*id.* at 9–10); that Fossum did not pursue other pretrial motions Cone-Wade desired (*id.* at 14); and that Fossum failed to "procure exculpatory evidence" through investigation (*id.* at 10).

None of Cone-Wade's arguments prevail. Cone-Wade's arguments relating to Fossum's pretrial strategy largely center on the fact that Fossum's tactics were

unsuccessful or that he should have advanced different arguments. But as the Magistrate Judge pointed out at Cone-Wade's substitution-of-counsel hearing, it is often the case that attorneys must select the arguments they believe provide the best chance of succeeding. (*Id.* at 7–8; *see also* Hr'g Tr. at 22:10–23:22 ("All lawyers are trained that you don't just make every single argument you can.").) And while Cone-Wade argues that Fossum should have advanced other constitutional arguments, he does not detail what those arguments would have been. Finally, although Cone-Wade argues that Fossum should have discovered exculpatory evidence through investigation, he does not describe how he could have done so or what specific evidence he could have discovered. *Strickland* makes clear that an attorney's choice not to pursue the precise strategy a defendant desires does not inherently rise to the level of ineffective counsel. *See* 466 U.S. at 688–89. Cone-Wade has not shown that Fossum's assistance fell below an objective standard of reasonableness.

**B. Daniel Gerdts**

Cone-Wade also alleges that Daniel Gerdts, who was appointed Cone-Wade's counsel after Fossum's withdrawal, provided ineffective assistance. (Mot. at 18.) Cone-Wade alleges that Gerdts refusal to request certain additional DNA swab testing constituted a failure to carry out diligent investigation. (*Id.*) Cone-Wade further alleges that his counsel failed to advocate zealously for Cone-Wade during plea negotiations. (*Id.* at 22.)

First, as described above, a counsel's choice not to pursue certain evidentiary motions does not rise to the level of ineffective counsel. While Cone-Wade also alleges Gerdts breached attorney-client privilege (*id.* at 27), this allegation is unsupported by his attached exhibits, which merely show plea negotiation between Gerdts and the United States Attorney's Office (*see id.*, Ex. A1.) The record provides no support for any conclusion other than that Gerdts used his professional judgment to provide Cone-Wade with the best possible advocacy. Cone-Wade has thus failed to show that Gerdts' conduct fell below an objective standard of reasonableness.

* * *

Cone-Wade has waived all arguments in his motion other than those asserting claims for ineffective assistance of counsel, and he has failed to demonstrate that either Fossum's or Gerdts' representation gave rise to a claim for ineffective assistance. The Court will therefore deny Cone-Wade's motion for relief under § 2255.

## III. EVIDENTIARY HEARING

Cone-Wade also requested that the Court hold an evidentiary hearing on the issues raised in his § 2255 motion. The Court concludes no factual issues pertaining to Cone-Wade's motion require further factual development, and the Court will therefore deny Cone-Wade's request for a hearing.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must show that the issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). For purposes of appeal, the Court finds that Cone-Wade has not shown that reasonable jurists would find the issues raised in Cone-Wade's § 2254 petition debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. The Court therefore declines to grant a Certificate of Appealability in this case.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Pro Se Motion for Leave to File 28 U.S.C. § 2255 Document in Over Length (Docket No. [243]) is **GRANTED**.

2. Defendant's Pro Se Motion to Vacate under 28 U.S.C. §2255 (Docket No. [244]) is **DENIED**.

3. The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c) the issues raised in Cone-Wade's petition.

DATED: August 25, 2026
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge